DAVID HUBBERT
Deputy Assistant Attorney General

MATTHEW UHALDE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, DC 20044
202-353-0013
matthew.p.uhalde@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>DAVIDE W. JAMES,<br>THERESA M. RONCO JAMES,<br>COASTAL COMMUNITY BANK, and<br>MUNICIPALITY OF ANCHORAGE,<br><br>  Defendants. | Case No. 3:24-cv-00157-HRH<br><br>**COMPLAINT** |

The United States alleges as follows.

1. This is a civil action to (a) reduce to judgment outstanding federal income tax and trust fund recovery penalty (TFRP) assessments against Defendants Davide James and Theresa Ronco James, (b) foreclose federal tax liens encumbering real property at 18520 Kittiwake Circle, Anchorage, AK 99516 (the "subject property"), and (3) sell the subject property to pay toward the judgment.

**Jurisdiction and Venue**

2. This action is commenced pursuant to 26 U.S.C. § 7401 at the direction of the Attorney General of the United States and with the authorization and request of the Chief Counsel of the Internal Revenue Service (IRS), a delegate of the Secretary of the Treasury.

1

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403.

4. Venue properly lies in the District of Alaska pursuant to 28 U.S.C. §§ 1391(b) and 1396, because this is the district where the liability for the taxes at issue accrued and where the real property at issue is located.

## Defendants

5. Davide James and Theresa Ronco James are a married couple. They are named as defendants because they individually owe the outstanding federal taxes at issue in this case and hold an interest in the subject property.

6. Coastal Community Bank is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the subject property.

7. The Municipality of Anchorage is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the subject property.

## The Subject Property

8. This action concerns one parcel of real property located at 18520 Kittiwake Circle, Anchorage, AK 99516.

9. The subject property bears the parcel number 02020151000, and its legal description is the following:

> Lot 15, Block 1, SOUTHCREEK SUBDIVISION, according to the official plat thereof, filed under Plat Number 84-512, Records of the Anchorage Recording District, Third Judicial District, State of Alaska.
>
> EXCEPTING THEREEFROM TIIE SUBSURFACE ESTATE including all mineral rights as conveyed to the State of Alaska by Deed recorded December 22, 1977 in Book 258 at page 476 and as conveyed to the State of Alaska by Deed recorded November 13, 1985 in Book 1347 at Page 300.

10. Defendants James and Ronco James acquired the subject property by warranty deed dated June 4, 2021, and recorded on June 14, 2021.

11. On June 7, 2024, a deed of trust for a home equity line of credit was recorded against the subject property. Coastal Community Bank is the beneficiary of the deed of trust.

**Employers' Obligations Under the Internal Revenue Code**

12. Davide James and Theresa Ronco James run a business called E & A Inc., dba Bridges Counseling Connection.

13. E&A is an Alaska corporation.

14. Davide James is E&A's president and sole shareholder.

15. Theresa Ronco James was, at all relevant times, a manager at E&A. In that role, she had full authority to hire or fire employees and sign payroll checks.

16. Between January 1, 2015, and December 31, 2019, as well as at other times, E&A had several employees.

17. Under 26 U.S.C. §§ 3102 and 3402, E&A, as an employer, had to withhold federal income taxes and Federal Insurance Contributions Act (FICA) taxes from its employees' wages. And under 26 U.S.C. § 7501, E&A had to hold these withholdings in trust for the United States.

18. Under 26 U.S.C. § 3111, E&A, as an employer, had to pay FICA tax on its employees' wages.

19. Under 26 U.S.C.§ 6302 and 26 C.F.R. § 31.6302-1, E&A, as an employer, had to make monthly deposits of the taxes described in paragraph 17 and 18 with an authorized government depository.

20. Under 26 U.S.C. §§ 6011 and 6071 and 26 C.F.R. §§ 31.6011(a)-1, 31.6011(a)-4, and 31.6071(a)-1, E&A, as an employer, had to file Form 941, Employer's Quarterly Federal Tax Return, on a quarterly basis. These returns are required to report the amounts of income and FICA taxes withheld from E&A's employees' wages, as well as E&A's own FICA taxes. The returns had to be filed by the last day of the first month following the end of the tax period.

21. Under 26 U.S.C. § 6151 and 26 C.F.R. § 55.6151-1, E&A, as an employer, had to pay any taxes due on its employment tax returns without notice or assessment and demand from the IRS and pay them no later than the time E&A is required to file the tax returns.

22. E&A failed to comply with these obligations at least for the periods ending 3/31/2015, 12/31/2017, 3/31/2018, 6/30/2018, 9/30/2018, 12/31/2018, 3/31/2019, and 12/31/2019.

**Count 1: Reduce to Judgment Federal Income Tax Assessments Against Defendants**

23. On the dates and in the amounts set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Davide James and Theresa Ronco James for federal income tax liabilities, penalties, interest, and other statutory additions based on the amounts they self-reported on their joint income tax return (Form 1040):

| Form | Tax Year | Assessment Date | Principal Amount | Outstanding Balance as of 6/17/2024 |
|---|---|---|---|---|
| 1040 | 2009 | 7/21/2014 | $70,341.99 | $116,745.99 |
| 1040 | 2010 | 7/21/2014 | $26,933.07 | $43,963.90 |
| 1040 | 2011 | 7/28/2014 | $95,576.49 | $157,187.74 |
| 1040 | 2012 | 2/15/2016 | $71,912.26 | $111,549.31 |
| 1040 | 2013 | 11/30/2015 | $161,527.72 | $260,104.32 |
| 1040 | 2014 | 12/14/2015 | $38,157.86 | $64,490.21 |
| 1040 | 2015 | 3/05/2018 | $5,591.86 | $8,865.46 |
| 1040 | 2016 | 2/12/2018 | $25,203.52 | $38,905.33 |
| 1040 | 2019 | 11/23/2020 | $43,994.36 | $62,625.21 |
| | | | **TOTAL** | **$864,437.47** |

24. Notice and demand for payment of the assessments described in paragraph 23 was timely provided to and made upon Davide James and Theresa Ronco James.

25. Despite timely notice and demand for payment, Davide James and Theresa Ronco James failed to fully pay the amounts set forth in paragraph 23.

26. The United States is entitled to judgment against Davide James and Theresa Ronco James for unpaid federal income taxes and penalties in the sum of $864,437.47 as of June 17, 2024, plus statutory interest and other additions running from that date as provided by law, less any payments or credits.

**Count 2: Reduce to Judgment TFRP Assessments Against Davide James**

27. TFRP assessments made pursuant to 26 U.S.C. § 6672 impose personal liability on responsible persons who willfully fail to pay over amounts an employer holds in trust for the United States of the employees' portion of FICA taxes and federal income tax withholdings.

28. Davide James, as E&A's president and sole shareholder, was a responsible person at E&A.

29. Davide James was able to determine E&A's financial policy and had the authority to make payments for the business's expenses and to creditors from at least January 1, 2015, through December 31, 2019.

30. Davide James also had access to the business's financial information and knew or could have found out that E&A did not pay all its federal employment taxes for the same time period.

31. For the tax periods at issue, Davide James willfully failed to collect, truthfully account for, and pay E&A's employment taxes.

32. The IRS gave notice to Davide James as required by 26 U.S.C. § 6672(b) by mailing a Letter 1153 to him on November 20, 2020.

33. On the dates and in the amounts set forth below, an authorized delegate of the Secretary of Treasury timely assessed under 26 U.S.C. § 6672 the TFRP liabilities against

Davide James for his willful failure to collect, truthfully account for, and pay over withheld employment taxes of E&A.

| Period | Assessment Date | Principal Amount | Outstanding Balance as of 6/17/2024 |
|---|---|---|---|
| 12/31/2017 | 3/22/2021 | $96,254.82 | $114,994.32 |
| 03/31/2018 | 3/22/2021 | $93,970.32 | $112,265.05 |
| 6/30/2018 | 3/15/2021 | $97,896.38 | $117,022.75 |
| 9/30/2018 | 3/22/2021 | $114,265.86 | $136,511.86 |
| 12/31/2018 | 3/15/2021 | $87,092.97 | $104,108.64 |
| 3/31/2019 | 3/22/2021 | $106,447.98 | $127,171.93 |
| 12/31/2019 | 3/22/2021 | $46,281.93 | $55,292.39 |
| | | **TOTAL** | **$767,366.94** |

34. Despite timely notice and demand for payment, Davide James failed to fully pay the amounts set forth in paragraph 33.

35. The United States is entitled to judgment against Davide James for unpaid TFRP assessments in the sum of $767,366.94 as of June 17, 2024, plus statutory interest and other additions running from that date as provided by law, less any payments or credits.

**Count 3: Reduce to Judgment TFRP Assessments Against Theresa Ronco James**

36. Theresa Ronco James, as a manager at E&A, was a responsible person at E&A.

37. Theresa Ronco James was able to determine E&A's financial policy and had the authority to make payments for the business's expenses and to creditors from at least January 1, 2015, through December 31, 2019.

38. Theresa Ronco James also had access to the business's financial information and knew or could have found out that E&A did not pay all its federal employment taxes for the same time period.

39. For the tax periods at issue, Theresa Ronco James willfully failed to collect, truthfully account for, and pay E&A's employment taxes.

40. The IRS gave notice to Theresa Ronco James as required by 26 U.S.C. § 6672(b) by mailing Letters 1153 to her on December 17, 2015, and November 20, 2020.

41. On the dates and in the amounts set forth below, an authorized delegate of the Secretary of Treasury timely assessed under 26 U.S.C. § 6672 the TFRP liabilities against Theresa Ronco James for her willful failure to collect, truthfully account for, and pay over withheld employment taxes of E&A.

| Period | Assessment Date | Principal Amount | Outstanding Balance as of 6/17/2024 |
|---|---|---|---|
| 3/31/2015 | 4/11/2016 | $111.94 | $58.80 |
| 12/31/2017 | 5/10/2021 | $108,722.41 | $114,532.13 |
| 3/31/2018 | 5/10/2021 | $106,142.01 | $111,813.84 |
| 6/30/2018 | 5/10/2021 | $110,576.58 | $116,485.39 |
| 9/30/2018 | 5/10/2021 | $129,066.37 | $135,963.19 |
| 12/31/2018 | 5/10/2021 | $98,373.86 | $103,630.60 |
| 3/31/2019 | 5/10/2021 | $120,235.84 | $126,660.80 |
| 12/31/2019 | 5/10/2021 | $52,276.69 | $55,070.17 |
|  |  | **TOTAL** | **$764,214.92** |

42. Despite timely notice and demand for payment, Theresa Ronco James failed to fully pay the amounts set forth in paragraph 41.

43. The United States is entitled to judgment against Ronco James for unpaid TFRP assessments in the sum of $764,214.92 as of June 17, 2024, plus statutory interest and other additions running from that date as provided by law, less any payments or credits.

### Count 4: Foreclose Federal Tax Liens on the Subject Property

44. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the United States upon all property and rights to property belonging to (a) Defendants as of the date of each assessment set forth in paragraph 23, (b) Davide James as of the date of each assessment set forth in paragraph 33, and (c) Theresa Ronco James as of the date of each assessment set forth in paragraph 41.

45. To provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded Notices of Federal Tax Liens (NFTLs) against Defendants with the Alaska Department of Natural Resources Recorder's Office.

46. The NFTLs for the income tax assessments for tax years 2009–2011 were recorded on October 27, 2014.

47. The NFTLs for (a) the income tax assessments for tax years 2012–2016 and 2019 and (b) the TFRP assessments set for in paragraph 33 were recorded on October 11, 2021.

48. The NFTLs for the TFRP assessments set forth in paragraph 41 were recorded on April 30, 2021.

49. The federal tax liens described in paragraphs 44-48 continue to encumber the subject property.

50. The federal tax liens have priority over all interests in the subject property acquired after the liens attached to the property, subject to the provisions of 26 U.S.C. § 6323.

51. Pursuant to 26 U.S.C. § 7403(c), the United States is entitled to an order foreclosing its tax liens against the subject property and a decree of sale of the subject property to enforce its tax liens and pay the unpaid federal tax liabilities.

//

//

8

Case 3:24-cv-00157-HRH    Document 1    Filed 07/19/24    Page 8 of 10

## Request for Relief

The United States respectfully requests that the Court:

A. Enter judgment in favor of the United States and against Defendants Davide James and Theresa Ronco James, jointly and severally, for unpaid income tax assessments for tax years 2009–2016 and 2019, in the total amount of $864,437.47 as of June 17, 2024, plus statutory interest and other additions that will continue to accrue, as provided by law, less any payments or credits;

B. Enter judgment in favor of the United States and against Defendants Davide James and Theresa Ronco James, jointly and severally, for unpaid TFRP assessments for tax periods 12/31/2017, 3/31/2018, 6/30/2018, 9/30/2018, 12/31/2018, 3/31/2019, and 12/31/2019, in the total amount of $767,366.94, as of June 17, 2024, plus statutory interest and other additions that will continue to accrue, as provided by law, less any payments or credits;

C. Enter judgment against Theresa Ronco James individually for the unpaid TFRP assessment for tax period 3/31/2015, in the total amount of $58.80 as of June 17, 2024, plus statutory interest and other additions that will continue to accrue, as provided by law, less any payments or credits;

D. Order that the United States' tax liens be foreclosed upon the subject property, that the subject property be sold, and that the proceeds from the sale be distributed to the United States and all other parties in the respective priority of the liens and claims of all parties;

E. Order that, to the extent the proceeds from the sale of the subject property fail to satisfy the tax liabilities assessed against Defendants, a deficiency judgment be entered against each defendant; and

//
//
//
//
//

F.  Award the United States its costs and such other relief as is just and proper.

Dated: July 19, 2024

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Matt Uhalde*
MATTHEW UHALDE
Trial Attorney
United States Department of Justice