DAVID HUBBERT
Deputy Assistant Attorney General

MATTHEW UHALDE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, DC 20044
202-353-0013
matthew.p.uhalde@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) Case No. 3:24-cv-00157 |
| Plaintiff, | )<br>) |
| | ) **Consent Judgment** |
| v. | )<br>) |
| DAVIDE W. JAMES,<br>THERESA M. RONCO JAMES,<br>COASTAL COMMUNITY BANK, and<br>MUNICIPALITY OF ANCHORAGE, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

The United States, Davide James, Theresa Ronco James, and the Municipality of Anchorage stipulate to judgment on the United States' Complaint as follows:

1. Judgment in favor of the United States and against Defendants Davide James and Theresa Ronco James, jointly and severally, for unpaid income tax assessments for tax years 2009–2016 and 2019, in the total amount of $899,388.48 as of December 27, 2024, plus statutory interest and other additions that will continue to accrue, as provided by law, less any payments or credits.

2. Judgment in favor of the United States and against Davide James for unpaid TFRP assessments for tax periods 12/31/2017, 3/31/2018, 6/30/2018, 9/30/2018, 12/31/2018, 3/31/2019, and 12/31/2019, in the total amount of $800,427.75, as of December 27, 2024, plus

1

statutory interest and other additions that will continue to accrue, as provided by law, less any payments or credits.

3. Judgment against Theresa Ronco James for the unpaid TFRP assessment for tax periods 3/31/2015, 12/31/2017, 3/31/2018, 6/30/2018, 9/30/2018, 12/31/2018, 3/31/2019, and 12/31/2019 in the total amount of $797,139.93 as of December 27, 2024, plus statutory interest and other additions that will continue to accrue, as provided by law, less any payments or credits.

4. The United States' tax liens are foreclosed on the subject property located at 18520 Kittiwake Circle, Anchorage, AK 99516.

5. Defendants James and Ronco James may sell the subject property on an arms-length basis. The proceeds from the sale of the property shall be distributed in the following order:

   a. First, to the Municipality of Anchorage to satisfy outstanding municipal liens on the property;
   b. Second, to the United States to satisfy this judgment; and
   c. Third, any surplus to Defendants.

6. For the proposed sale, Defendants will email the United States' counsel a package of information containing:

   a. The buyer's identity;
   b. The proposed sale terms;
   c. An itemization of estimated closing costs; and
   d. A description of the distribution of proceeds at closing.

7. The United States shall review the package within five business days of receipt. Upon review, the United States shall, in writing, give notice of either its consent for the sale or refusal of consent for the sale.

8. If the United States gives its consent for the proposed sale, the United States and Municipality of Anchorage agree to furnish the title company or escrow officer a commitment

letter to discharge the subject property from all federal and municipal liens described in the United States' complaint in exchange for payment from the proceeds of sale net approved costs.

9. If the United States refuses its consent for the proposed sale, the United States agrees to articulate in its notice the reasons for refusal, giving Defendants the opportunity to address the United States' concerns.

10. Defendants shall take all necessary steps to cause the title company or escrow officer to remit the proceeds of the sale to the United States and Municipality of Anchorage.

11. The United States and Municipality of Anchorage agree to provide current payoff balances as of the closing date of the proposed sale.

12. If the sale proceeds pay the judgment in full, the United States shall instruct the IRS to release all federal tax liens described in the complaint. The United States also agrees to file a satisfaction of judgment if and when the liabilities are fully satisfied.

13. With regard to the subject property, Defendants agree to:

   a. Take all reasonable steps necessary to preserve the property (including all improvements, fixtures, and appurtenances on it) in their current condition, including maintaining a fire and casualty insurance policy;

   b. Not commit waste or permit anyone else to do so;

   c. Not do anything that tends to reduce the property's value or marketability, or permit anyone else to do so; and

   d. Timely pay all state and local taxes due for the property.

14. The United States agrees to refrain from any affirmative collection activity related to the tax liabilities included in the judgment—except any form of automated or mandatory collection, such as through offset rights or in connection with the Treasury Offset Program—particularly any judicial sale of the subject property, until January 27, 2026. If, at this time, the balance of the judgment as not been paid in full, the United States may proceed with any collection activity, including moving for an order of sale of the subject property.

15. Defendants shall not appeal the final judgment entered in this case.

16. The parties will bear their own costs and fees in connection with this case.

Respectfully submitted January 30, 2025.

*/s/*_____
United States District Judge

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Matt Uhalde*_____
MATTHEW UHALDE
Trial Attorney
United States Department of Justice

*/s/ Paula Moore*_____
PAULA B. MOORE
Attorney for Davide James and Theresa Ronco James

*/s/ Jason Thomas*_____
JASON A. THOMAS
Attorney for Municipality of Anchorage