IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:24-cv-00157-HRH |
| Plaintiff, | ) | |
| | ) | **[Proposed] Order of Judicial Sale** |
| v. | ) | |
| | ) | |
| DAVIDE W. JAMES, | ) | |
| THERESA M. RONCO JAMES, and | ) | |
| MUNICIPALITY OF ANCHORAGE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On February 4, 2025, this Court entered its judgment foreclosing federal tax liens against

Davide James and Theresa Ronco James against the real property located at 18520 Kittiwake

Circle, Anchorage, and legally described as follows:

Lot 15, Block 1, SOUTHCREEK SUBDIVISION, according to the official plat thereof, filed under Plat Number 84-512, Records of the Anchorage Recording District, Third Judicial District, State of Alaska.

EXCEPTING THEREEFROM TIIE SUBSURFACE ESTATE including all mineral rights as conveyed to the State of Alaska by Deed recorded December 22, 1977 in Book 258 at page 476 and as conveyed to the State of Alaska by Deed recorded November 13, 1985 in Book 1347 at Page 300.

("Property"). The Court's judgment further permitted the United States to move for an order of

judicial sale if Defendants failed to sell the Property voluntarily by January 27, 2026.

Defendants' deadline to sell the Property has now passed, and the Property remains unsold.

Accordingly, the Court now enters this Order of Sale pursuant to 28 U.S.C. §§ 2001 and 2002

and 26 U.S.C. §§ 7402 and 7403.

IT IS ORDERED that the United States Marshal for the District of Alaska, his/her

representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist

1

(PALS), or a receiver selected by the United States, is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer the Property for public sale and to sell the Property. The United States may choose either the United States Marshal or a PALS or a receiver to carry out the sale under this order and shall make the arrangements for any sale as set forth in this Order. This Order of Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

1. The Marshal, his or her representative, the receiver, or a PALS representative is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser(s). The terms and conditions of the sale are as follows:

a. The sale of the Property shall be free and clear of any interests of Davide James or Theresa Ronco James;

b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

c. The sale shall be held at the courthouse of the municipality in which the Property is located, on the Property's premises, by mail-in-bid, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

d. The date and time for sale are to be announced by the Marshal, his/her representative, the receiver, or a PALS;

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in

2

Anchorage, Alaska, and, at the discretion of the Marshal, his/her representative, the receiver, or a PALS, by any other notice deemed appropriate. State or local law notice requirements for foreclosures or execution sales do not apply to this sale under federal law, and state or local laws regarding redemption rights do not apply to this sale. The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale;

f.     The minimum bid for the Property will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his or her representative, the receiver, or a PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid, or sell to the highest bidder;

g.     The successful bidder for the Property shall be required to deposit at the time of the sale with the Marshal, his/her representative, the receiver, or a PALS a minimum of ten percent of the minimum bid, with the deposit to be made by certified or cashier's check payable to the United States District Court for the District of Alaska. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, the receiver, or a PALS proof that they are able to comply with this requirement.

h.     The balance of the purchase price for the Property is to be paid to the United States Marshal, his/her representative, the receiver, or a PALS within thirty days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the District of Alaska. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of Davide James and/or Theresa Ronco James at issue in this case. The Property shall be again

offered for sale under the terms and conditions of this order of sale, or, in the alternative, sold to the second highest bidder. The United States may bid as a credit against its judgment(s) against Davide James and/or Theresa Ronco James without tender of cash;

i. The sale of the Property shall be subject to confirmation by this Court. The Marshal, his/her representative, the receiver, or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within thirty days from the date of receipt of the balance of the purchase price;

j. On confirmation of the sale, the Marshal, his/her representative, the receiver, or PALS shall execute and deliver a deed of judicial sale conveying the Property to the purchaser(s);

k. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished;

l. On confirmation of the sale, the purchaser(s) shall have the Alaska Department of Natural resources recorder's Office cause transfer of the Property to be reflected upon the state's register of title;

m. All rights to rents of or from the Property arising after the final judgment in this action and before the confirmation of the sale of the Property shall constitute proceeds of the Property and such rents shall be turned over to, and paid to, the Marshal, his/her representative, the receiver, or PALS for deposit and distribution in the same manner as the proceeds of the sale of the Property. On confirmation of the sale of the Property, all rights to product, offspring, rents, and profits of or from the Property arising thereafter shall transfer to the successful bidder(s) and all risks of losses associated with the Property shall transfer to the successful bidder(s); and

4

n.    The sale is ordered pursuant to 28 U.S.C. § 2001 and is made without right of redemption.

2.    Until the Property is sold, Davide James and Theresa Ronco James and any residents of the Property shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy. They shall neither commit waste against the Property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

3.    All persons occupying the Property shall leave and permanently vacate the Property by May 15, 2026, each taking with them their personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such Property is being conducted by a receiver or a PALS. Such action may include, but is not limited to, the use of reasonable force, and to enter and remain on the premises, including, but not limited to, the land, and any structures or vehicles thereon, for the purpose of executing this Order. The Unites States Marshal

5

is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere in any way with the execution of this Order. No person shall be permitted to return to the Property and/or remain thereon without the express written authorization by the United States Marshal and/or the Internal Revenue Service, and/or the United States Department of Justice, or their respective representatives and/or designees. Unauthorized persons who re-enter the Property during the time this Order is in effect may be ejected by the United States Marshal without further order of the Court.

4.      If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the Marshal, his/her representative, the receiver, or a PALS representative is authorized to remove it and to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale, with the balance to be paid into the registry of the Court for further distribution.

5.      The Marshal, his/her representative, the receiver, or a PALS representative shall deposit the amount paid by the purchaser(s) of the Property into the registry of the Court.

6.      Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the funds received from the sale of the Property in the following order of preference until these expenses and liens are satisfied:

a.      First, to the United States for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the Subject Property pending sale and confirmation by the Court;

6

b. Second, to the Municipality of Anchorage to satisfy outstanding municipal liens on the property to the extent they are entitled to priority under 26 U.S.C. § 6323;

c. Third, to the United States to satisfy the Court's judgment; and

d. Fourth, any surplus to Davide James and Theresa Ronco James.

IT IS SO ORDERED:

Dated: _____

_/s/_____
United States District Judge